```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
             Civil No. 12-797(DSD/SER)
```

Catherina J. Preston,

       Plaintiff,

v.                                                   **ORDER**

Wisconsin Staffing Services,
Inc., doing business as
Nicolet Staffing,

       Defendant.

      Andrea B. Niesen, Esq. and Bird, Jacobsen & Stevens PC, 300 Third Avenue S.E., Suite 305, Rochester, MN 55904, counsel for plaintiff.

      Joel L. Aberg, Esq. and Weld, Riley, Prenn & Ricci, SC, P.O. Box 1030, Eau Claire, WI 54702, counsel for defendant.

This matter is before the court upon the motion to dismiss by defendant Wisconsin Staffing Services, Inc. (Wisconsin Staffing) and the motion to transfer/change venue by plaintiff Catherina J. Preston. Based on a review of the file, record and proceedings herein, and for the following reasons, the motion to dismiss is granted.

**BACKGROUND**

This disability-discrimination action arises out of the termination of Preston by WSS in September 2007. WSS is a Wisconsin corporation with its principal office in Rhinelander, Wisconsin. It does not own or possess property in Minnesota.

Zunker Aff. ¶ 5. WSS does not transact business in Minnesota. Id. ¶ 6. Preston worked for WSS in Ladysmith, Wisconsin. Id. ¶ 8. At the time Preston was a resident of Wisconsin. Id.

In February 2008, Preston filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC). Compl. ¶ VII. The EEOC charge was cross-filed with the Wisconsin Department of Workforce Development — Equal Rights Division. The EEOC determined that reasonable cause existed to believe that WSS had violated the Americans with Disability Act (ADA). Id. ¶ VIII. On January 5, 2012, the EEOC issued a right-to-sue letter. Id. Preston filed the present action in the District of Minnesota by mistake on March 29, 2012. WSS moves to dismiss for lack of personal jurisdiction[1] and Preston moves to transfer this action to Wisconsin.

**DISCUSSION**

Preston agrees that this court lacks personal jurisdiction over WSS, and therefore, dismissal is proper unless the interest of justice demand transfer. "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice,

---

[1] The memorandum of WSS discusses the standard of Federal Rule of Civil Procedure 12(b)(6), and suggests that the court may consider additional affidavits without converting the motion to a motion for summary judgment. The motion is properly brought under Rule 12(b)(2).

transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. "Section 1631 was enacted so that parties confused about which court has subject-matter jurisdiction would not lose an opportunity to present the merits of a claim by filing in the wrong court and then, upon dismissal, having the claim barred by a statute of limitations."[2] Gunn v. U.S. Dept. of Agriculture, 118 F.3d 1233, 1240 (8th Cir. 1997). As a result, the interests of justice demand transfer when "a plaintiff in good faith filed in the wrong court." Id.

In the present case, it appears that the period for filing the ADA claim has now lapsed. There is no evidence that Preston filed in the wrong forum to gain an advantage.[3] But nothing in the complaint suggests a possible basis for jurisdiction over WSS in Minnesota. See Compl. ¶¶ II, III. Indeed, the complaint states that the charge of discrimination "was cross-filed with the

---

[2] Courts adopt different views of the scope of § 1631. See Cimon v. Gaffney, 401 F.3d 1, 7 n.21 (1st Cir. 2005) (noting split among circuit courts over application of § 1631 to personal jurisdiction). The Eighth Circuit has not determined whether § 1631 applies to personal jurisdiction. In this case, the plain language of the statute controls. See N. States Power Co. v. United States, 73 F.3d 764, 766 (8th Cir. 1996). Congress did not limit the type of jurisdiction addressed by § 1631, and the statute supports application to both subject-mater and personal jurisdiction. As a result, the court need not resort to legislative history, and finds that § 1631 applies to the present case.

[3] The court commends Preston's counsel for her professionalism and candor in her filings and at oral argument.

*Wisconsin* Department of Workforce Development - Equal Rights Division." Id. ¶ VII (emphasis added). Moreover, had Preston properly pleaded jurisdiction in accordance with Federal Rule of Civil Procedure 8(a)(1), she would have discovered her error. Under these circumstances, filing this action in Minnesota cannot be characterized as good faith. Accord Stanifer v. Brannan, 564 F.3d 455, 460 (6th Cir. 2009) (affirming denial of motion to transfer based on "complete lack of diligence in determining the proper forum in the first place."); Cote v. Wadel, 796 F.2d 981, 985 (7th Cir. 1986) (analyzing denial of transfer under 28 U.S.C. § 1404). Therefore, the interest of justice does not demand transfer, and dismissal is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss [ECF No. 2] is granted; and
2. The motion to transfer [ECF No. 8] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 16, 2012

s/David S. Doty
David S. Doty, Judge
United States District Court
